UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re LINDA M. MCMAHON,

                           Debtor.
-----------------------------------------------------------------X
LONG ISLAND MINIMALLY
INVASIVE SURGERY, P.C.,
d/b/a NEW YORK BARIATRIC
GROUP,

                      Plaintiff-Creditor,

           -against-

LINDA M. MCMAHON,

                     Defendant-Debtor.
-----------------------------------------------------------------X

Case No. 8-23-71857-LAS

Chapter 7

**AFFIRMATION IN SUPPORT
OF MOTION FOR JUDGMENT
ON DEFAULT**

Adv. Proc. No. 8-23-08045-LAS

      ANDREW M. ROTH, ESQ., an attorney duly admitted to practice law before the Courts of the Eastern District of New York, hereby affirms, under penalty of perjury, as follows:

      1.     I am a Partner with the law firm of Sahn Ward Braff Koblenz PLLC, attorneys for the Plaintiff-Creditor, LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C., d/b/a NEW YORK BARIATRIC GROUP ("Plaintiff"), in connection with the above-captioned adversary proceeding. As such, I am fully familiar with the facts and circumstances herein, and submit this Affirmation in support of Plaintiff's Motion for an Order, pursuant to Bankruptcy Rule 7055, granting the instant motion, in the form attached hereto as **Exhibit "1"** and for a Judgment pursuant to said Order in Plaintiff's favor and against Defendant-Debtor, LINDA M. McMAHON ("Defendant"), in the form annexed hereto as **Exhibit "4"**, together with such other, further and different relief as may be just, proper and equitable under the circumstances.

2.    At all times hereinafter mentioned, Plaintiff was and still is a professional corporation, organized and existing under and by virtue of the laws of the State of New York, with a principal place of business located at 125 Mineola Avenue, Roslyn Heights, New York 11557.

3.    Upon information and belief and at all times hereinafter mentioned, Defendant was and still is a resident of the State of New York, residing at 450 Chelsea Drive, Islip, New York 11751.

4.    This Adversary Proceeding was commenced in conjunction with Defendant's Voluntary Petition for Chapter 7 relief filed in this Court on May 23, 2023.

5.    This Court has jurisdiction over this Adversary Proceeding pursuant to this Court's core subject matter jurisdiction under *28 U.S.C. §157(b)(2)(1)*.

6.    Plaintiff brings this proceeding to obtain an Order and Judgment declaring that Defendant's debt to Plaintiff is not dischargeable pursuant to *11 U.S.C. §§523(a)(2), 523(a)(4), 523(a)(6)* and for such other, further and different relief as this Court deems just, proper and equitable under the circumstances, including but not limited to an award of attorneys' fees as provided in the underlying contract between the Plaintiff and Defendant.

7.    Plaintiff has standing, as Defendant's creditor, to object to discharge of debtor's obligation to Plaintiff pursuant to *11 U.S.C. §727(c)(1)*.

8.    It is respectfully submitted in the case at bar that this Court should grant Plaintiff's Motion for Judgment on Default as good cause exists to grant the same, to wit: Defendant has not paid Plaintiff for professional medical services rendered, and fraudulently cashed insurance checks that belonged to Plaintiff. (*See,* Affidavit of Jacqueline Spina, Billing Manager of Plaintiff, sworn to the 11th day of September, 2023 submitted herewith (the "Spina Aff.")).

9. More particularly, prior to filing her Chapter 7 Petition herein, Defendant became indebted to Plaintiff on or about November 3, 2020 when Defendant fraudulently induced Plaintiff into performing medical procedures on Defendant at Defendant's special instance and request on that date. (*See,* Invoice attached hereto as **Exhibit "2"**; *see also,* Spina Aff.)

10. Defendant induced Plaintiff into performing the aforementioned services under false pretenses and by falsely representing that she would collect and immediately forward all checks she received from her insurance company for said medical procedures to Plaintiff for payment, in addition to paying any co-payments, co-insurance and deductibles due, and thereafter embezzled said funds by depositing the insurance checks into her own personal checking account and/or retaining said funds for her own personal use, injuring Plaintiff. (*See,* **Exhibit "2"**; *see also,* Assignment of Benefits and Patient Financial Responsibility Form Agreements attached hereto as **Exhibit "3"**; *see also,* Spina Aff.)

11. Indeed, it was solely by virtue of Defendant's actual fraud, fraudulent misrepresentations, fraudulent pretenses, embezzlement and/or larceny whereby she fraudulently represented that she would and did assign her rights and/or interest in any checks received by her from her insurance company for the purpose of said medical procedures without any intention of doing so. (*See,* **Exhibit "3"**; *see also,* Spina Aff.)

12. Defendant was unquestionably aware of her obligations to Plaintiff herein before any services were rendered as she was advised both in writing, as per the Agreements, and orally of her obligations to forward any checks she received from her insurance company for the services rendered by Plaintiff onto Plaintiff. (*See,* **Exhibit "3"**; *see also,* Spina Aff.)

13. Defendant was further unquestionably aware of her obligations to Plaintiff before any services were rendered as she was advised both in writing, as per the Agreements and orally

of her obligations to pay for all charges in excess of the sums actually paid to the Plaintiff pursuant to her insurance policy, including co-payments, co-insurance and deductibles. (*See,* **Exhibit "3"**; *see also,* Spina Aff.)

14. Defendant knew that Plaintiff had agreed to perform and did perform said medical procedures based solely upon her fraudulent misrepresentations, false pretenses and/or actual fraud in inducing Plaintiff to perform said procedures. (*See,* Spina Aff.)

15. Invoices for the medical procedures were remitted to the insurance company for said services on Defendant's behalf. (*See,* **Exhibit "2"**; *see also,* Spina Aff.)

16. On or about November 11, 2020, the insurance company did issue a check directly to Defendant for payment of Plaintiff's services as Plaintiff is an out-of-network provider. (*See,* **Exhibit "2"**; *see also,* Spina Aff.)

17. The check sent directly to Defendant was accompanied by an Explanation of Benefits which stated the date(s) of service, the services performed and the names of the doctors whom performed said services and also advised Defendant as to what co-payments, co-insurance, and/or deductible were due. (*See,* Spina Aff.)

18. At the time the Defendant received said check, Defendant was fully aware of the fact that she was obligated to forward onto Plaintiff the check she received from her insurance company for the services provided by Plaintiff in addition to remitting payment for all co-payments, co-insurance, and/or deductibles due. (*See,* **Exhibit "3"**; *see also,* Spina Aff.)

19. Defendant was fully aware of the fact that Plaintiff would be injured if she failed to forward onto Plaintiff the check she received from her insurance company for the services provided by Plaintiff and/or remit payments for any co-insurance, co-payments and/or deductibles due.

20. Despite said knowledge, Defendant willfully, intentionally, deliberately and maliciously deposited said check that she knew belonged to Plaintiff into her own personal checking account rather than forwarding the same onto Plaintiff. (*See*, Spina Aff.)

21. Instead of forwarding said check to Plaintiff, Defendant knowingly, willfully, intentionally, deliberately and maliciously deposited said check into her own personal checking account, exercising dominion over Plaintiff's right in the insurance monies, which constitutes conversion.

22. Instead of remitting payment for all co-payments, co-insurance, and/or deductibles due, Defendant knowingly, willfully, intentionally, deliberately and maliciously withheld said payments, along with said checks, which constitutes malicious injury to the Plaintiff.

23. Plaintiff contacted Defendant when Plaintiff learned that Defendant had received an insurance check intended for Plaintiff and advised Defendant that she must immediately turn over the check she had received from the insurance company to Plaintiff as said funds belonged to Plaintiff, not Defendant. (*See*, Spina Aff.)

24. Defendant knew when she willfully, intentionally, deliberately and maliciously deposited the check into her personal checking account, rather than forwarding it onto Plaintiff, that she was committing actual fraud against Plaintiff.

25. Defendant knew when she willfully, intentionally, deliberately and maliciously deposited the check into her personal checking account, rather than forwarding it onto Plaintiff, that she was committing embezzlement against Plaintiff.

26. Defendant knew when she willfully, intentionally, deliberately and maliciously deposited the check into her personal checking account, rather than forwarding it onto Plaintiff, that she was committing larceny against Plaintiff.

27.     Defendant knew when she willfully deposited the check into her personal checking account, rather than forwarding it onto Plaintiff, that she was converting Plaintiff's assets.

28.     Defendant intended to commit willful and malicious injury to Plaintiff's property rights therein by depositing the check into her personal checking account rather than forwarding it onto Plaintiff.

29.     On or around May 30, 2023, Plaintiff received notice that the Defendant filed a petition for Chapter 7 Relief.

30.     Defendant is precluded from disputing her indebtedness to Plaintiff by virtue of her acknowledgment of her obligation to Plaintiff by listing Plaintiff as one of her creditors in Schedule F of Defendant's list of Creditors Holding Unsecured Non Priority Claims.

31.     Defendant is likewise precluded from discharging Plaintiff's debt in bankruptcy where permitting such relief would controvert the very reason that Congress enacted §523 - to ensure that relief in bankruptcy was only granted to honest debtors and so that dishonest debtors were effectively punished for engaging in fraudulent conduct. Indeed, the underlying purpose of the fraud exception to discharge was to prevent a person from committing an actual fraud and then wiping away the resulting debt by filing for bankruptcy. *See, Grogan v. Garner*, 498 U.S. 297, 287 (1991).

32.     As a matter of public policy, this Court should not permit the dischargeability of such debts where the debtor fraudulently coerces a doctor into performing elective surgical procedures upon the fraudulent promise that she will immediately forward any and all checks received from the insurance company for said surgery to the doctor, and remit payment for all co-payments, co-insurance and/or deductibles due, and then attempt to wipe away said debt while profiting from her fraud through the channels of bankruptcy where she not only received the

elective medical procedures that she never paid for, but she also made a profit by depositing the checks she received from the insurance company to pay for said services into her own personal checking account rather than forwarding said checks onto the doctor.

33.    Put more simply, Defendant should not be permitted to avoid her obligations to pay for her elective medical procedures, enjoying all of the benefits from said medical procedures that she did not pay for, and then also be permitted to keep the money that the insurance company gave him to pay for said procedures under the shield of bankruptcy. Indeed, it was this very fraud that Bankruptcy Code §523 was enacted to prevent.

34.    As a result of Defendant's aforementioned nonpayment, Plaintiff was constrained to commence the instant Adversary Proceeding and served Defendant with the Supplemental Summons and Complaint on July 20, 2023. Proof of service was filed with this Court on July 21, 2023. (*See,* Adversary Proceeding Dkt. No. 4)

35.    Pursuant to Bankruptcy Rule 7012(a), Defendant had thirty (30) days in which to interpose an Answer. However, as of the date of this writing, no such Answer has been served or filed. As such, and in light of the fact that Defendant willfully, maliciously, and fraudulently incurred the subject debt herein, which therefore precludes her right to the protection of the Automatic Stay pursuant to Bankruptcy Code §523 as described in detail above, Plaintiff now moves this Court for an Order, pursuant to Bankruptcy Rule 7055, in the form annexed hereto as **Exhibit "1"**, granting the instant motion, and upon said grant, for Judgment on Default, in favor of Plaintiff and against Defendant, in the form annexed hereto as **Exhibit "4"**.

**WHEREFORE,** in light of the foregoing, Plaintiff respectfully requests that the instant

motion be in all respects granted, plus such other, further and different relief as may seem just, proper and equitable under the premises.

Dated:  Uniondale, New York
September 12, 2023

_____
ANDREW M. ROTH